NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVE GARRISON, | ) | No. C 11-01901 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| JERRY BROWN, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a California prisoner currently incarcerated at the San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff's total statement of claim is as follows: "Due process violation, False Imprisonment, Involuntary Servitude, Cruel and unusual Punishment, My Earlier Complaint should show all Partys. ADA violations, I'm under The Mental Health Act. Denied Treatment while in San Quentin. Will discuss in Future Briefs" [sic]. (Compl. at 3; Docket No. 5.)  Plaintiff seeks punitive and compensatory damages for pain and suffering.  (Id.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  Here, Plaintiff's allegations are insufficient to give Defendants notice of the grounds upon which the alleged claims rest.  For example, Plaintiff alleges "due process violation" but fails to state when and how or which particular Defendant violated his right to due process.  Furthermore, Plaintiff alludes to an "earlier complaint," but there is no such document in this action other than the one addressed herein.  (Docket No. 5.)

"[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to

relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 553-56 (2007) (citations omitted).  Here, Plaintiff makes no factual allegations from which the Court can determine whether he states cognizable claims against the named Defendants, *i.e.*, Jerry Brown, CDCR, State Parole, Board of Prison Terms, and Alameda Sheriffs Department.  However, Plaintiff shall be granted leave to file an amended complaint to correct these deficiencies.

In filing an amended complaint, Plaintiff is advised that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  <u>See</u> <u>Leer</u>, 844 F.2d at 633.[1]

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend **within thirty (30) days** from the date this order is filed, to correct the deficiencies discussed above.  The amended complaint must include the caption and civil case number used in this order (11-01901 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.

---

[1] The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  <u>See</u> <u>Leer</u>, 844 F.2d at 633 (citations omitted).

**Failure to file an amended complaint in the time provided will result in the dismissal without prejudice of this action without further notice to Plaintiff.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/29/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVE GARRISON,

         Plaintiff,

  v.

JERRY BROWN, et al.,

         Defendants.

Case Number: CV11-01901 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/5/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steve Garrison AE7123
San Quentin State Prison
San Quentin, CA 94974

Dated: 8/5/11

                                                  Richard W. Wieking, Clerk