IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GARRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>JERRY BROWN, et al.,<br><br>    Defendants. | No. C 11-01901 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO FILE SECOND AMENDED COMPLAINT; ADDRESSING PENDING MOTIONS<br><br>(Docket Nos. 43, 44, 46, 47, 52, 55 & 56) |

Plaintiff, an inmate at the Santa Clara County Jail, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. On August 5, 2011, the Court dismissed the complaint with leave to amend.[1] (Docket No. 15.) On March 13, 2012, Plaintiff filed what appears to be an amended complaint. (Docket No. 41.)

---

[1] Plaintiff's total statement of claim in the original complaint is as follows: "Due process violation, False Imprisonment, Involuntary Servitude, Cruel and unusual Punishment, My Earlier Complaint should show all Partys. ADA violations, I'm under The Mental Health Act. Denied Treatment while in San Quentin. Will discuss in Future Briefs" [sic]. (Compl. at 3; Docket No. 5.) The Court directed Plaintiff to file an amended complaint alleging sufficient facts to show the individual liability of each of the named defendants.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that he was arrested in 2008 for attempted car theft and that his due process rights were violated. (Docket No. 41 at 1.) He claims he was "shot, beaten, tortured, [and] attacked by those acting under color of law," and that "all details will be submitted by Plaintiff upon request by Justice Davila." (Id.) Plaintiff alleges that he was due to be released from jail on March 11, 2010, but that he has not been released to date. (Id. at 1-2.) Plaintiff claims that he has mental health issues which have gotten worse, and that he is "under the ADA." (Id. at 2.) Plaintiff requests "that jury be given to help deal with such a mess and do as for injuctive [*sic*] relief." (Id. at 4-5.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Here, Plaintiff's allegations are insufficient to give Defendants notice

of the grounds upon which the alleged claims rest. For example, Plaintiff alleges that his "due process rights were violated" but fails to state when and how or what Defendant violated his right to due process. Furthermore, Plaintiff's allegations that he was "shot, beaten, tortured [and] attacked by those acting under color of law" are not supported by facts, such as who shot him and under what circumstances.

"[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). Here, Plaintiff makes no factual allegations from which the Court can determine whether he states cognizable claims against the named Defendants, *i.e.*, Jerry Brown, and "et al." In the interest of justice, Plaintiff shall be granted leave to file a second amended complaint to correct these deficiencies.

In filing a second amended complaint, Plaintiff is advised that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.

**C.     Claims Seeking Release from Confinement**

To the extent that Plaintiff is attacking the lawfulness of his confinement, habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,'

however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). A parole claim, as Plaintiff appears to be alleging, that affects the legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

Here, Plaintiff's claims attacking the fact or duration of his custody, if successful, may result in entitlement to an earlier release, and therefore must be brought in habeas. See Butterfield, 120 F.3d at 1024. Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff's parole claims are DISMISSED without prejudice to refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

**D.     Pending Motions**

Plaintiff's motion to amend, (Docket No. 43), and motion to add names and additional claim, (Docket No. 56), are DENIED as moot by this order. Plaintiff is directed to include all defendants and claims he wishes to raise in this action in the second amended complaint to be filed pursuant to this order.

Plaintiff's "request for fact finding hearing or expedited hearing," (Docket No. 44),

is DENIED without prejudice as premature.

Plaintiff's motion for summary judgment, (Docket No. 46), and "motion to establish disjunctive allegation... to... establish a cause for summary judgment," (Docket No. 55), are DENIED without prejudice as premature as the Court has yet to determine if Plaintiff has any cognizable claims in this action.

Plaintiff's motion for sanctions, (Docket No. 47), is DENIED as premature as no defendant has been served with the complaint in this matter.

Plaintiff's "request that the courts invoke the U.S. Constitution... to all state of California" is DENIED as the Court has yet to determine if Plaintiff has any cognizable claims in this action.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The amended complaint is DISMISSED with leave to amend **within thirty (30) days** from the date this order is filed, to correct the deficiencies discussed above. The second amended complaint must include the caption and civil case number used in this order (11-01901 EJD (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

**Failure to file a second amended complaint in the time provided will result in the dismissal without prejudice of this action without further notice to Plaintiff.**

This order terminates Docket Nos. 43, 44, 46, 47, 52, 55 and 56.

The Clerk shall include two copies of the court's form complaint and two copies of the court's form petition with a copy of this order to Plaintiff.

DATED:   7/18/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVE GARRISON,

        Plaintiff,

  v.

JERRY BROWN, et al.,

        Defendants.

Case Number: CV11-01901 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/19/2102, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steve Garrison cwx252
Santa Clara County Jail
885 N. Pedro Street
San Jose, CA 95110

Dated: 7/19/2012

        Richard W. Wieking, Clerk
    /s/ By: Elizabeth Garcia, Deputy Clerk