FILED

JAN 08 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GARRISON, ) | No. C 11-01901 EJD (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| v. ) | |
| JERRY BROWN, et al., ) | |
| Defendants. ) | (Docket No. 72) |

Plaintiff, an inmate at the Santa Clara County Jail, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. On August 5, 2011, the Court dismissed the complaint with leave to amend.[1] (Docket No. 15.) On March 13, 2012, Plaintiff filed an amended complaint that did not cure the deficiencies described by the Court. (Docket No. 41.). Plaintiff was provided an

---

[1] Plaintiff's total statement of claim in the original complaint is as follows: "Due process violation, False Imprisonment, Involuntary Servitude, Cruel and unusual Punishment, My Earlier Complaint should show all Partys. ADA violations, I'm under The Mental Health Act. Denied Treatment while in San Quentin. Will discuss in Future Briefs" [sic]. (Compl. at 3; Docket No. 5.) The Court directed Plaintiff to file an amended complaint alleging sufficient facts to show the individual liability of each of the named defendants.

additional opportunity to amend and has filed a second amended complaint. (Docket No. 66)

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

In the prior complaint, Plaintiff raised vague claims regarding both his underlying conviction and the conditions of confinement. The Court described the differences between a habeas petition and civil rights action, sent Plaintiff forms to file each type of case and informed Plaintiff that habeas claims could not be filed in this action. In the Second Amended Complaint, Plaintiff has again raised habeas and civil rights claims, though the claims are so vague and brief, it is not clear the basis for any of plaintiff's allegations. Plaintiff state "False Imprisonment Cruel [and] Unusual Punishment Double Jeopardy, ADA Violations." (Sec. Amend. Compl. at 3.) Plaintiff then describes sentencing errors in his conviction, but has provided no details about his underlying conviction. Plaintiff also states that parole is unfair.

"[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). Plaintiff's allegations in this complaint are far too vague for the Court to determine the basis for any of plaintiff's claims. Moreover, the Court has repeatedly described the deficiencies in Plaintiff's complaints and has provided Plaintiff multiple opportunities to amend. Yet, Plaintiff has not cured the deficiencies of his prior complaints. The second amended complaint will be dismissed without leave to amend as it is clear that no amount of amendments will cure the deficiencies of the complaint. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The second amended complaint is dismissed without leave to amend and this action is dismissed with prejudice.

2. Plaintiff's motion for recusal (Docket No. 72) is DENIED.

This order terminates Docket No. 72

DATED: 1/7/13

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


STEVE GARRISON,

    Plaintiff,

v.

JERRY BROWN., et al.,

    Defendants.

Case Number CV 11-01901 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __1/08/13__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Steve Garrison**
cwx252
885 N. Pedro Street
San Jose, CA 95110


DATED: __1/08/13__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk